IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDDIE HUNTER, SR.<br>WALIYYUDDIN S. ABDULLAH : <br> : <br>v. : <br> : <br>PHILADELPHIA POLICE DEPARTMENT : <br>MEDICAL EXAMINER'S OFFICE OF : <br>PHILADELPHIA COUNTY : | CIVIL ACTION<br><br><br><br>NO. 12-2497 |

MEMORANDUM

RUFE, J.                                                            MAY 17, 2012

Plaintiffs Eddie Hunter, Sr. and Waliyyuddin S. Abdullah filed this pro se civil rights action against the Philadelphia Police Department and the Medical Examiner's Office of Philadelphia County. They seek to proceed *in forma pauperis*. For the following reasons, the Court will grant Abdullah leave to proceed *in forma pauperis*, deny Hunter's motion to proceed *in forma pauperis* without prejudice, and dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.      FACTS**

The complaint alleges that the defendants failed to properly investigate the 1982 death of Eddie Hunter, Jr. – Eddie Hunter, Sr.'s son and Abdullah's first cousin – after he sustained a gun shot wound to the chest. The defendants interviewed the decedent's wife, who reported that he was "playing with the shot gun and it went off." (Compl. 7, ¶ 3.) Police also interviewed two of the four children who were in the home at the time of the shooting. After concluding that the decedent committed suicide, the police department closed the case in 1983.

Plaintiffs contend that the defendants intentionally ignored facts and that a more thorough investigation would have revealed that the decedent was murdered. They assert that "new light" has been shed on the case because the official records reveal that (1) there were no gun powder burns on the decedent; (2) the "pellets from the shot gun blast" did not clear the decedent's body; (3) the decent [sic] was legally drunk at the time of the incident; and (4)

1

someone identified as "an authority" noted in the investigative log, "think is not suicide." (Compl. 2, 8.) Plaintiffs also allege that the police should have interviewed all of the children who were in the home at the time of the incident.

Based on those facts, plaintiffs are asserting claims pursuant to 42 U.S.C. §§ 1983 & 1985 for assorted constitutional violations and conspiracy. They seek an order changing the decedent's death certificate, $10,000 for each of the decedent's parents and siblings, and a total of $2 million to establish an educational scholarship fund in the decedent's name for the benefit of his family.

## II. STANDARD OF REVIEW

The Court will deny plaintiff Hunter's motion for leave to proceed *in forma pauperis* without prejudice because he has not provided the Court with sufficient financial information to determine whether he is capable of paying the filing fee. Plaintiff Abdullah's motion for leave to proceed *in forma pauperis* is granted because he has satisfied the criteria set forth in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune. Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). To state a claim, a complaint must do more than recite "labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

## III. DISCUSSION

The Court will dismiss the complaint for the following reasons. First, to the extent that plaintiffs are attempting to bring claims on behalf of the decedent, they lack standing because any such claims would have accrued to the decedent's estate, which the plaintiffs may not

represent on a pro se basis. See Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991); see also McCain v. Episcopal Hosp., 350 F. App'x 602, 604 (3d Cir. 2009) (per curiam). Regardless, plaintiffs have not stated a viable claim on the decedent's behalf because the complaint is premised solely on events that occurred after his passing. "At that time, [the decedent] had no rights of which he could be deprived." Judge v. City of Lowell, 160 F.3d 67, 76 n.15 (1st Cir. 1998), overruled on other grounds, Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 66-67 (1st Cir. 2004); see also Ford v. Moore, 237 F.3d 156, 165 (2d Cir. 2001).

To the extent plaintiffs are claiming that their own rights were violated by the allegedly inadequate investigation, they have not stated a claim for relief. "[A]n allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim." Graw v. Fantasky, 68 F. App'x 378, 383 (3d Cir. 2003) (quotations omitted); see also Mitchell v. McNeil, 487 F.3d 374, 378 (6th Cir. 2007) (rejecting parent's claim that they had a constitutional right to have their son's death properly investigated). Accordingly, plaintiffs' claims, which are wholly based on the defendants' alleged failure to investigate, fail because no underlying constitutional violation is discernable from the complaint.

Although the complaint invokes the Equal Protection Clause and the First Amendment, it fails to provide a factual basis for a claim under either of those provisions. See U.S. Const. Amend. I; Phillips v. Cnty. of Allegheny, 515 F.3d 224, 243 (3d Cir. 2008) ("[T]o state a claim for 'class of one' equal protection, a plaintiff must at a minimum allege that he was intentionally treated differently from others similarly situated by the defendant and that there was no rational basis for such treatment."). Plaintiffs also have not stated a due process claim because the complaint does not suggest that they have been deprived of a protected liberty or property interest as a result of the defendants' actions or omissions, nor does it describe conscience-

shocking conduct.[1] See Chainey v. Street, 523 F.3d 200, 219 (3d Cir. 2008) ("To establish a substantive due process claim, a plaintiff must prove the particular interest at issue is protected by the substantive due process clause and the government's deprivation of that protected interest shocks the conscience."); Burns v. Pa. Dep't of Corr., 544 F.3d 279, 285 (3d Cir. 2008) ("To prevail on a procedural due process claim, a litigant must show (1) that the state deprived him of a protected interest in life, liberty, or property and (2) that the deprivation occurred without due process of law."). Nor have plaintiffs stated a conspiracy claim under § 1985 because the complaint does not "assert facts from which a conspiratorial agreement can be inferred," Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 178 (3d Cir. 2010), or suggest that the alleged conspiracy was motivated by racial or class-based discriminatory animus. See Lake v. Arnold, 112 F.3d 682, 685 (3d Cir. 1997).

Even leaving aside those problems, plaintiffs claims fail because the defendants may not be sued as separate entities from the City. See 53 Pa. Cons. Stat. Ann. § 16257; Regalbuto v. City of Phila., 937 F. Supp. 374, 377 (E.D. Pa. 1995), aff'd, 91 F.3d 125 (3d Cir. 1996) (unpublished table decision); Whitson v. City of Phila., Civ. A. No. 07-2832, 2008 WL 4739532, at *2 n.2 (E.D. Pa. Oct. 27, 2008). Regardless, nothing in the complaint suggests that the alleged constitutional violations stemmed from a municipal policy, practice, or custom. See Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 694 (1978).

District courts should generally provide a pro se plaintiff with leave to amend unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 113-14 (3d Cir. 2002). Amendment in this case would be futile because it is apparent from the complaint that the only factual basis for the plaintiffs claims is their dissatisfaction with the investigation into the decedent's death, which does not form the basis for a constitutional claim.

---

[1] Courts have recognized due process claims when the plaintiff was incarcerated due to an intentional failure to investigate, thereby depriving him of "the interest in obtaining fair criminal proceedings before being denied one's liberty." See Wilson v. Lawrence Cnty., 260 F.3d 946, 955-56 & n.8 (8th Cir. 2001). In contrast, "a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution." Cf. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973).

4

Regardless, it is apparent from the face of the complaint that plaintiffs' claims are time-barred.

Pennsylvania's two-year statute of limitations, which governs plaintiffs' § 1983 claims, see Wallace v. Kato, 549 U.S. 384, 387 (2007); see also 42 Pa. Cons. Stat. § 5524(2), began running "when the plaintiff[s] knew or should have known of the injury upon which [their] action is based." Sameric Corp. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998). Furthermore, Pennsylvania's discovery rule "delays the running of the statute until the plaintiff knew, or through the exercise of reasonable diligence should have known, of [their] injury and its cause." Beauty Time, Inc. v. VU Skin Sys., Inc., 118 F.3d 140, 144 (3d Cir. 1997) (quotations omitted); see also Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010) (whether a plaintiff is entitled to tolling is generally governed by state law). Plaintiffs should have known the basis for their claims when the defendants stopped their investigation, ruled the decedent's death a suicide, and closed the case in 1983, because the facts underlying their claims could have been learned from official records available at that time. If the plaintiffs did not discover additional details about the decedent's death until recently – despite the fact that "[r]umors and inconsistencies" about the decedent's cause of death persisted for nearly 30 years – then they failed to exercise reasonable diligence to justify tolling pursuant to the discovery rule.[2] (Compl. 2); see Fine v. Checcio, 870 A.2d 850, 858 (Pa. 2005) ("[T]he salient point giving rise to [the discovery rule's] application is the inability of the injured, despite the exercise of reasonable diligence, to know that he is injured and by what cause.").

IV.     **CONCLUSION**

For the foregoing reasons, the complaint is dismissed. An appropriate order follows.

ENTERED
MAY 21 2012
CLERK OF COURT

---

[2] The complaint does not suggest any other basis for tolling.

5